UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT TIMOTHY HUDSPETH, | Case No.: 2:24-cv-01884-APG-DJA |
| Plaintiff | **Order Granting Defendant's Motion to Dismiss** |
| v. | [ECF No. 9] |
| LISA MARIE HUDSPETH, | |
| Defendant | |

Robert Timothy Hudspeth (Tim) sues Lisa Marie Hudspeth for claims involving a Nevada family court divorce proceeding.[1] Tim claims that the Nevada court denied him due process by holding hearings while he was at sea aboard a vessel as a merchant mariner. He also claims that the Nevada court lacks jurisdiction, that Lisa violated various federal criminal laws by taking Tim's property, and that Lisa failed to comply with agreements with Tim that arose from mediation. Tim alleges I have subject matter jurisdiction over this case under admiralty and federal question jurisdiction.

Lisa moves to dismiss Tim's complaint because I lack subject matter jurisdiction over Tim's claims. ECF No. 9. Lisa argues that Tim's claims are not within the scope of federal admiralty jurisdiction. Lisa also argues that I must dismiss this case under *Younger*[2] abstention. Tim responds that I have subject matter jurisdiction over this case while he is away as a merchant mariner. He argues that if he were forced to attend the Nevada court proceedings while on board the ship, it would disrupt the ship's operation.

---

[1] For clarity and convenience, I refer to the parties by their first names.
[2] *Younger v. Harris*, 401 U.S. 37 (1971).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (simplified).

Tim alleges that I have admiralty jurisdiction over his claims. Under 28 U.S.C. § 1333(1), federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The test to determine if a claim falls within admiralty jurisdiction depends on whether it is a tort or contract claim. A party seeking to invoke federal admiralty jurisdiction over a tort claim must show that the claim satisfies both the "location test" and the "connection test." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The location test asks if "the tort occurred on navigable water" or an "injury suffered on land was caused by a vessel on navigable water." *Id.* The connection test asks if the underlying incident both (a) has a "potentially disruptive impact on maritime commerce" and (b) has a "substantial relationship to traditional maritime activity." *Id.* (quotations omitted). A party seeking to invoke federal admiralty jurisdiction over a contract claim must show that the contract was a "maritime contract." *New England Mut. Marine Ins. Co. v. Dunham*, 78 U.S. 1, 29 (1870). Whether a contract is maritime depends on its "subject matter," not "the place of execution or place of performance" of the contract. *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997).

Tim appears to allege that Lisa committed a tort involving "theft." ECF No. 1 at 2. He alleges that this theft involved property from Lisa and Tim's marital residence, and the residence appears to have a Las Vegas street address. *Id.* at 4, 8. But Tim does not allege that any theft

took place on navigable water or otherwise involved a vessel traveling on navigable water. Even if Tim was on a ship during a Nevada court hearing related to that tort, the alleged events underlying the tort did not occur on navigable waters. So Tim's complaint does not allege facts that satisfy the location test. Because satisfying the location test is a requirement for admiralty jurisdiction, I need not consider the connection test.[3] I thus lack admiralty jurisdiction over any tort claim alleged in his complaint.

Additionally, Tim alleges that Lisa violated mediation agreements. ECF No. 1 at 2; *see also* ECF No. 12 at 4 ("This case is essentially a marital breach of contract[.]"). These mediation agreements involve child support, division of marital property, and child custody arrangements. ECF No. 1 at 8-16. Nothing in these agreements relates to maritime matters. Though the agreements mention Tim's work at sea, the agreements do not create any obligation that is "directly and in essence a maritime obligation." *See Aqua-Marine*, 110 F.3d at 671 (quotation omitted). I thus lack admiralty jurisdiction over the contract claim alleged in his complaint.

This leaves Tim's argument that I have federal question jurisdiction under 28 U.S.C. § 1331. Lisa does not address this basis of jurisdiction, so I address it sua sponte because I have an "independent obligation to determine whether subject matter jurisdiction exists." *Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013). "An action arises under federal law for purposes of federal question jurisdiction if that law creates the cause of action . . . or if a substantial question of federal law is a necessary element of the plaintiff's cause of action." *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995). And under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

---

[3] But even if I considered the connections test, Tim's claims very likely would fail that as there appears to be no connection to a traditional maritime activity.

of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Tim does not cite or describe any federal civil cause of action against Lisa. He claims that Lisa has violated federal criminal laws under 18 U.S.C. § 641 (theft of United States' property) and § 662 (receiving stolen property within the United States' special maritime and territorial jurisdiction). But the mere fact that a plaintiff is an alleged victim of a federal criminal offense does not give rise to a private civil cause of action against the alleged offender. *See Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020). And Tim's breach of contract claims against Lisa are state-law contract claims. So Tim's claims against Lisa do not arise under federal law.

Tim alleges that the Nevada court violated his "due process." *See* ECF No. 1 at 2; *see also* ECF No. 12 at 5 (arguing that the Nevada court exhibited "bias"). But the Nevada judge is not a party to this suit, and I cannot grant relief against non-parties. So this claim is not a basis for federal question jurisdiction. Because Tim does not state a claim over which I have federal question or admiralty jurisdiction, I dismiss his complaint.

I may deny Tim leave to amend if amendment of his original complaint would be futile. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Beyond seeking relief for state-law claims that belong in state court, Tim requests that I "[o]verthrow" a Nevada court order, "[t]ake [j]urisdiction" of his divorce case, and modify his agreement with Lisa. ECF No. 1 at 5-6. *Younger* abstention bars me from taking such action in an ongoing state-court divorce proceeding. *See San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998) ("Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff

an adequate opportunity to litigate federal claims."); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (finding *Younger* abstention appropriate where party to state-court custody dispute sought "wholesale federal intervention into an ongoing state domestic dispute"). Additionally, several of Tim's claims would require joining the Nevada judge as a party. But even if Tim amended his complaint to add the Nevada judge as a party, he would not be able to state a viable claim against her.[4] *See Mireles v. Waco*, 502 U.S. 9, 9-11 (1991) (noting that a judge is immune from suit for damages for their judicial actions, unless those actions are "taken in the complete absence of all jurisdiction"); 42 U.S.C.A. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Weldon v. Kapetan*, No. 1:17-cv-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) ("The phrase 'declaratory relief' in the current version of § 1983 refers to the ability of a litigant to appeal the judge's order.") (simplified); *Duff v. Nevada*, 212 F. App'x 676, 677 (9th Cir. 2006) (affirming dismissal of plaintiff's civil rights action against state court for violation of his constitutional rights in a state divorce and child custody proceeding under the *Rooker-Feldman* doctrine). Because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," I dismiss Tim's complaint without leave to amend. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

I THEREFORE ORDER that defendant Lisa Hudspeth's motion to dismiss **(ECF No. 9) is GRANTED**.

---

[4] The Servicemembers Civil Relief Act provides active-duty military personnel the ability to stay state-court civil cases while they are on active duty. 50 U.S.C. App. §§ 3932(a)-(b). But Congress has not passed an analogous statute for merchant mariners.

I FURTHER ORDER that plaintiff Robert Timothy Hudspeth's complaint **(ECF No. 1) is DISMISSED** for lack of subject matter jurisdiction without leave to amend.

DATED this __ day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE